# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**RICHARD BOATRIGHT, et al.,**

    Plaintiff,

v.

                                    Case No. 8:08-cv-1070-T-33TBM

**THE SCHOOL BOARD OF POLK COUNTY, FLORIDA**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court for a Report and Recommendation on **Defendant's Dispositive Motion to Dismiss Complaint with Prejudice for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action with Incorporated Memorandum of Law in Support** (Doc. 11) and Plaintiff's response (Doc. 18).[1] A hearing was conducted January 15, 2009.

### I.

This action was commenced in this court upon the filing of a three-count complaint by Richard and Deborah Boatright, on their own behalf and on behalf of their 19-year old

---

[1] Although Plaintiffs' response is titled "Plaintiffs' Motion for Summary Judgment," Plaintiffs advised the court at the hearing held on January 15, 2009, that their pleading (Doc. 18) was intended to be a response to the motion to dismiss; Plaintiffs were not seeking summary judgment by their pleading.

daughter, Danielle Boatright,[2] against the School Board of Polk County, Florida. Plaintiffs assert the suit is an original civil action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. They claim federal question jurisdiction pursuant to Title 20, § 1400 and CFR 300.516(a)(d). In essence, they claim the right to damages for the Defendant's denial of a free appropriate public education to Danielle as guaranteed under the IDEA. *See* 20 U.S.C. § 1400(d)(1)(A). By their general allegations, Plaintiffs submit that all conditions precedent to the filing of their Complaint have been performed or have occurred. (Doc. 1, ¶5).

Count I is a claim by Plaintiff, Danielle Boatright ("Danielle"), for future benefits and services under IDEA. She alleges that she did not receive an appropriate education from the public school system during her first eight years. While in third grade of a Polk County public school during the 1997-1998 school year, she was evaluated for special education services and found to be eligible for "special education as a child with a special learning disability." *Id.*, ¶10. She could not read and was required to repeat the third grade. *Id.* By the end of the 2003 school year, she still was unable to effectively read or complete her assignments and tested in the bottom one percent level for reading; notwithstanding, she was promoted by the Defendant to the 8th grade. *Id.*, ¶11. In September, 2003, her parents withdrew her from the public school system and enrolled her in Vanguard School in Lake

---

[2] Plaintiffs allege that although Danielle Boatright is of majority age, she nonetheless is incapable of participating as a party herein without assistance from her parents due to the lack of appropriate education for her first eight years in the public school system. (Doc. 1, ¶9).

2

Wales[3] due to Defendant's failure and/or refusal to draft an Individualized Education Plan ("IEP") or to otherwise provide her with a free appropriate public education ("FAPE"). Plaintiff claims extreme mental, emotional, and physical stress resulting from her inability to read. (Doc. 1, ¶15).

Plaintiff alleges that upon her withdrawal from public school, her parents filed a timely request for a due process hearing based on Defendant's wrongful denial of her rights to a FAPE and other benefits and services to which she was entitled under IDEA. *Id.*, ¶16. An evidentiary hearing before an Administrative Law Judge was conducted January 20-23, 2004, which resulted in an Order on May 17, 2004, which, despite findings that she was denied an effective IEP and procedural due process, denied Plaintiff's request for reimbursement of the cost of her private school education. *Id.*, ¶¶17-20. *See also* (Doc. 1, Exh.A). Plaintiff specifically alleges that, at all material times, she was a "child with a disability" for purposes of being entitled to a free appropriate public education as provided for under the provisions of IDEA; that the Defendant breached its duty and responsibility to provide her with the benefits and services mandated under IDEA; and as a consequence she has been permanently physically, mentally and emotionally injured, and is unable to compete socially or academically at a level consistent with her age. *Id.*, ¶¶21-24. She seeks an order requiring the Defendant to provide her a free and appropriate education together with compensatory damages.

---

[3]Vanguard School is a non-profit private school that specializes in serving the needs of students with learning disabilities. (Doc. 1, ¶13).

Count II asserts a cause of action on behalf of the parents, Richard and Deborah Boatright, for reimbursement for attorney's fees and educational expenses incurred which are a result of Defendant's failure to provide Danielle with the benefits and services mandated by IDEA, including a free appropriate public education. Plaintiffs allege they have incurred in excess of $20,000 in attorney's fees and more than $100,000 in private school educational expenses due to Defendant's failure and refusal to provide Danielle with a FAPE as required by law. Similarly, in Count III, Plaintiffs seek future educational costs and expenses to provide Danielle with an appropriate education to achieve the level of progress she would have attained had she been afforded by Defendant with the benefits and services mandated under IDEA.

By its Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), Defendant urges that the court lacks subject matter jurisdiction because Plaintiffs' claims are time-barred by their failure to seek judicial review of the administrative decision within thirty days. Further, Plaintiffs' Complaint fails to state a claim upon which relief may be granted because they did not timely seek judicial review and they have not alleged proper grounds for equitable tolling of the applicable limitations period. Alternatively, it urges that to the extent that Plaintiffs' Complaint raises claims not previously litigated, they have failed to exhaust their remedies and the court is without jurisdiction to determine those claims. Lastly, Defendant contends dismissal is appropriate because Plaintiffs' "shotgun" style complaint constitutes improper pleading practice.

In response to the Motion to Dismiss, Plaintiffs set forth a detailed time-line of pertinent events from their initial request for a due process hearing in November 17, 2003 through the administrative hearing and the circuitous court proceedings which followed. They urge that the instant suit is timely because they filed their Complaint within seventeen days after the decision of Florida's Second District Court of Appeal, which affirmed the dismissal of their action by the circuit court. On the timeliness issue, they further respond that they are not seeking "review" of a state court decision, but rather instituting a separate, independent civil action. Further, they contend that they have exhausted all of their remedies, that Defendant has been involved throughout the lengthy process, and thus it cannot claim surprise or prejudice by the filing of this action. In support of their position, Plaintiffs urge that the state court proceedings constituted an equitable tolling of the applicable statute of limitations, thereby making this suit timely. If their pleading is deemed a "shotgun" pleading, which they deny, Plaintiffs request permission to replead the matter.

II.

A.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is a motion challenging the subject matter jurisdiction of the court. Jurisdiction may be attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003). In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d

1525, 1529 (11th Cir. 1999). On the other hand, factual attacks challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In this case, Defendant is facially attacking the claim by arguing the federal statutes are insufficient to confer subject matter jurisdiction. Accordingly, Plaintiffs' allegations are accepted as true for purposes of the instant motion. *See id.*

When reviewing a motion to dismiss, the court may consider documents attached to the complaint or directly referred to in the complaint, and in so doing will not convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 10(c); *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985); *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1315 (M.D. Fla. 2000). A court also may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documents are central to the plaintiff's claim and undisputed in terms of authenticity. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a motion attacking the legal sufficiency of a complaint. In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light most favorable to the plaintiff. *United States v. Pemco Aeroplex, Inc.*, 166 F.3d 1311, 1313 (11th Cir. 1999); *Pub. Citizen, Inc. v. Miller*, 992 F.2d 1548 (11th Cir. 1993) (per curiam). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint does not need detailed factual

6

allegations to meet this standard, a plaintiff must provide the grounds of his entitlement to relief beyond labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion, the factual allegations of a complaint must do more than state a speculative right to relief on an assumption that all the allegations in the complaint are true. *Bell Atlantic*, 127 S. Ct. at 1965 (citations omitted). In practice, this standard requires the complaint to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some viable legal theory*." *Id.* at 1969 (quoting, with emphasis in the original, *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). The test is not whether the complainants will ultimately prevail but whether they are entitled to offer evidence in support of the claims pleaded. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

B.

The IDEA, as successor to the Education of the Handicapped Act ("EHA") is "an ambitious federal effort to promote the education of handicapped children." *M.M. ex rel C.M. v. Sch. Bd. of Miami-Dade County*, 437 F.3d 1085 (11th Cir. 2006)(quoting *Bd. of Educ. of Hendricks Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 179 (1982)). Fundamentally, the IDEA guarantees that disabled students receive a free and appropriate education through the provision of various educational services.[4] *J.P. v. Cherokee County Bd. of Educ.*, 218 Fed.

---

[4]The primary purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A); *see also M.T.V. v. Dekalb*

7

Appx. 911, 912 (11th Cir. 2007). To carry out its objectives, "the IDEA provides procedural safeguards to permit parental involvement in all matters concerning the child's educational program and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate." *N.B. by D.G. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996); *see also Loren F. ex rel Fisher v. Atlanta Independent Sch. Sys.*, 349 F.3d 1309 (11th Cir. 2003). The IDEA also provides an elaborate administrative scheme for challenging the actions of local school authorities, and these administrative remedies must be exhausted before parties may pursue court action. *J.P. v. Cherokee County Bd. of Educ.*, 218 Fed. Appx. at 913. Upon exhaustion however, the IDEA authorizes an aggrieved party to bring an action in either state court or federal court. In pertinent part, the Act provides,

> Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A). Such actions are independent civil actions, but the court must still give "due weight" to an administrative law judge's decision. *M.M. ex rel C.M. v. Sch. Bd. of Miami-Dade County*, 437 F.3d at 1097.

The IDEA does not prescribe the period within which suit must be brought in state or federal court. In such circumstances, the court "must borrow the statute of limitations from the most analogous state statute, provided the borrowed limitations period is not 'inconsistent with underlying federal policies.'" *Cory D. ex rel Diane D. v. Burke County Sch. Dist.,* 285

---

*County Sch. Dist.*, 446 F.3d 1153, 1157 (11th Cir. 2006).

8

F.3d 1294, 1297 (11th Cir. 2002). The most analogous Florida statute to the IDEA provisions at issue appears to be Fla. Stat. § 1003.57(e). *See Hughes v. District Sch. Bd. of Collier County*, No. 2:06-cv-629-FtM-29DNF, 2007 WL 2729588, at *8 (M.D. Fla. Sept. 18, 2007). Pursuant to Fla. Stat. § 120.68, judicial review of the final agency decision under § 1003.57(e), must be commenced "within 30 days after the rendition of the order being appealed." *Id.* The Eleventh Circuit has acknowledged that despite the brevity of a 30-day statute of limitations, the "IDEA's goal of resolving educational disputes involving children with special needs promptly and effectively" is consistent with a 30-day limitations period. *Cory D.*, 285 F.3d at 1301. Although 20 U.S.C. § 1415(i)(2)(B) was amended recently to provide for a 90-day limitations period, Florida's statutory law specifically overrides this provision. *See* § 1003.57(e), Fla. Stat. (1997).

III.

A summary of the pertinent time-line as set forth in Plaintiffs' response (Doc. 18) or as determined from the court's docket is useful. On Nov. 17, 2003 Plaintiffs filed a request for due process hearing; Nov. 18, 2003 - Defendant referred matter to the Department of Administrative hearings; Jan. 20-24, 2004 - Administrative Due Process hearing held; May 17, 2004 - Administrative Law Judge ("ALJ") entered ruling on Due Process hearing; June 15, 2004 - Plaintiffs filed suit in state court; Oct. 7, 2004 - Plaintiffs filed amended complaint; Oct. 30, 2004 - Defendant removed action to federal court on grounds that the suit asserted a claim under the IDEA; Nov. 23, 2004 - Plaintiffs voluntarily dismissed federal claims and

9

requested remand to state court; Dec. 6, 2004 - Judge Whittemore dismissed the federal claims without prejudice and remanded the suit to the Tenth Judicial Circuit; Nov. 8, 2005 - state mediation held and case settled; May 15, 2006 - Circuit Court rejected settlement agreement as inadequate; Aug. 29, 2006 - Plaintiffs filed second amended complaint in Circuit Court; May 21, 2007 - Circuit Court granted Defendant's motion to dismiss second amended complaint with prejudice; June 29, 2007 - Plaintiffs appealed order of dismissal to Second District Court of Appeal; March 19, 2008 - Second District Court of Appeal affirmed dismissal, per curiam and without opinion.

Thus, after the final decision of the ALJ on the due process hearing on May 17, 2004, Plaintiffs timely filed suit in the Circuit Court for Polk County, Florida.[5] Plaintiffs' amended complaint was brought in circuit court pursuant to Fla. Stat. § 1003.57(5) and sought to reserve federal constitutional claims following resolution of the state-based claims. *See* (Doc. 18-2). In Count I, Plaintiffs sought reimbursement for the cost of Danielle's private school placement. In Count II, they sought attorney's fees and costs. In Count III, they sought to

---

[5]The order of May 17, 2004, by ALJ Daniel M. Kilbride advised Plaintiffs as follows:

<u>Notice of Right to Judicial Review</u>
This decision is final unless an adversely affected party:
    a) brings a civil action within 30 days in the appropriate federal district court pursuant to Section 1415 (I)(2)(A) (sic) of the Individuals with Disabilities Education Act (IDEA); . . . or
    b) brings a civil action within 30 days in the appropriate state circuit court pursuant to section 1415 (i)(2)(A) of the IDEA and Section 1003.57(5), Florida Statutes; or
    c) files an appeal within 30 days in the appropriate state district court of appeal pursuant to Sections 1003.57(5) and 120.68, Florida Statutes.
(Doc. 1, Exh.A at 65).

recover the lost value of benefits under the John M. McKay Scholarship for failure of Defendant to comply with the requirements of Fla. Stat. § 1002.39. In October 2004, the case was removed to this court. *See* Case No. 8:04-cv-2375-27TBM. After notice of voluntary dismissal of any federal claims, a motion by Plaintiffs for remand was granted. *Id.* The dismissal of any federal claims was without prejudice. *Id.* Thereafter, the parties reached a mediated settlement, which subsequently was rejected by the state judge. *Id.* A second amended complaint was filed. It appears from the order dismissing the same that the first count alleged negligence and the second count was brought pursuant to Article IX § 1 of the Florida Constitution. *Id.* The appeal of this dismissal was denied March 19, 2008. The instant suit was brought June 2, 2008.

A.

As noted above, Plaintiffs bring this suit pursuant to the IDEA. Clearly, to the extent that the suit seeks review of the administrative ruling in May 2004, the suit is time-barred. The suit cannot be salvaged by the fact that Plaintiffs sought to bifurcate the review of the administrative ruling by addressing their issues only under state law first, reserving any federal or constitutional claims for a second suit. Nowhere does the IDEA suggest that a plaintiff may take "two bites of the apple" in such fashion. Under 20 U.S.C. § 1415(i)(2)(B), plaintiffs may choose to sue in state court or federal court, but not both. Nor is there any provision for tolling an applicable limitations period to permit such a second round of review. Thus, to the extent that Plaintiffs seek review of the administrative decision in this matter, the claims are time-barred.

To the extent that Plaintiffs view this action as a wholly new civil suit for injunctive relief, reimbursement and compensatory damages, to the extent that it is brought pursuant to the IDEA, it likewise is time-barred. Plaintiffs offer no statutory or other authority to support that such a suit, brought pursuant to the IDEA, is subject to a different limitations period.

In response to Defendant's Motion to Dismiss, Plaintiffs attempt to circumvent the applicability of the 30-day statute of limitations by asserting the doctrine of equitable tolling. They contend that prosecution of their claim in state court tolled the limitations period such that the time did not begin to run until after the decision by the Florida appellate court. Defendant claims equitable tolling does not apply. Moreover, Defendant argues that Plaintiffs' Complaint is subject to dismissal because it fails to allege an equitable tolling of the limitations period.[6]

I find that Plaintiffs have failed to sufficiently plead an equitable tolling of the limitations period in their complaint and thus is subject to dismissal on that grounds alone. However, I also find that the doctrine nevertheless is inapplicable to the instant facts. The doctrine of equitable tolling allows a plaintiff to bring suit after the statutory period has expired if the plaintiff has been prevented by inequitable circumstances from doing so previously. *See Ellis v. Gen. Motors Acceptance Corp.,* 160 F.3d 703, 706 (11th Cir. 1998). In such circumstances, the plaintiff bears the burden to show that equitable tolling is warranted. *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008). However,

---

[6]In support, Defendant cites *Smith v. Dist. of Columbia*, 496 F. Supp. 2d 125, 128 (D. D.C. 2007) in which the court dismissed an IDEA complaint that was untimely where plaintiff failed to advance an argument for the equitable tolling of the statute of limitations.

Plaintiffs' bald contention that the pendency of the state court litigation tolled the limitations period applicable in this litigation is not sufficient, and here, is without merit. On this point, the following is instructive:

> To ascribe a blanket tolling effect to the State court action would be inconsistent with the line of Florida cases . . . . Rather, the proper scope of a prior action's tolling effect is that the time during which such cause is pending will be deleted from the limitation period applicable to a different action only where the existence of the former prevents the pursuit or exercise of the latter remedy.

*Fernon v. Itkin*, 476 F. Supp. 1, 3-4 (M.D. Fla. 1977) (citations omitted); *see also* 54 C.J.S. Limitations of Actions § 160 (generally, when a party elects a remedy by bringing an action in state court instead of federal court or vice versa, the statute of limitations runs against a claim brought thereafter in another court). Here § 1415(i)(2)(A) of the IDEA permits review in either state court or federal court. While Plaintiffs could have chosen to bring their suit for review of the administrative decision in this court, they chose instead to seek such review in the state courts.

Plaintiffs' reliance on the Supreme Court's decision in *Burnett* is not compelling. In that case, the Court held that a state action can toll the statute of limitations where there is concurrent state and federal jurisdiction and equitable circumstances supporting the delayed filing. *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965). However, in *Burnett*, the Court found that the statute of limitations was tolled in a FELA action timely commenced in a state court with jurisdiction even though it was subsequently dismissed for improper venue. *Id.* at 434-35. The state court case in *Burnett* was dismissed for improper venue but on a finding

13

that the plaintiff therein had diligently pursued his case and a tolling was equitable in the circumstances. Under the circumstances that exist here where the Plaintiffs elected to proceed in state court and there obtained a full review, *Burnett* is distinguishable. In this case, Plaintiffs fully prosecuted their state court action and fully appealed the adverse decisions. There simply are no equitable grounds present in the facts of this case as would justify tolling of the statute of limitations as there were in *Burnett*. Plaintiffs' belief that their reservation of federal/constitutional claims somehow tolled the limitations period is unsupported by any applicable case law.

In conclusion, to the extent that the suit is brought under the IDEA, it is time barred.[7]

B.

Alternatively, Defendant urges that Plaintiffs fail to state a cause of action for at least some of their claims because of their failure to exhaust. The Eleventh Circuit recognizes that prior to instituting an action seeking a school board's compliance with IDEA, a plaintiff must exhaust his/her administrative remedies by following the procedures set forth in 20 U.S.C. § 1415(f) in requesting a due process hearing. *J.P. v. Cherokee County Bd. of Educ.*, 218 Fed. Appx. at 913. "The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." *N.B. by D.G. v. Alachua County Sch.*

---

[7]To the extent that Plaintiffs seek damages beyond injunctive and equitable relief, the IDEA is not the proper vehicle *in any event*. *See* L*oren F*. 349 F.3d at 1313 (finding that only injunctive and equitable damages, such as reimbursement, are permitted under the IDEA); *see also Whitehead v. Sch. Bd. of Hillsborough County,* 918 F. Supp. 1515, 1518 (M.D. Fla. 1996). Thus, Plaintiffs' demand for future losses and compensatory damages may not be brought under this statute.

*Bd.*, 84 F.3d at 1378. By its motion, Defendant urges that if Plaintiffs' Complaint is read to raise claims not previously litigated before the ALJ or the Florida courts, dismissal is proper as to those claims for lack of exhaustion.[8]

The issues presented at the administrative hearing conducted in January, 2004, were as follows: (1) whether the Individual Education Plan (IEP) offered by Defendant on October 13, 2003, was reasonably calculated to offer Plaintiff meaningful educational progress in the area of reading; (2) whether Defendant failed to provide Plaintiff with her procedural protections and rights when it refused to provide Plaintiff with information specifically requested by the parents about the offered educational program; (3) whether Defendant drafted measurable goals and objectives in the proposed IEP; and (4) whether Defendant is required to reimburse Plaintiff's parents for the costs associated with her placement at the Vanguard School. (Doc. 1, Exh. A at 2). In its Order, the ALJ denied Plaintiffs' request that Defendant reimburse them for the cost of private school and further remanded to Defendant with

---

[8]In its motion, Defendant states that "[a]t a minimum, it is patently clear that claims (a) [provision of FAPE] and (c) [reimbursement for private school expenses] have been previously litigated in the underlying 2004 administrative action." (Doc. 11 at 10). Defendant contends that Plaintiffs' claims (b) for money damages to be awarded to Danielle Boatright for denying her a free appropriate public education and (d) money damages for alleged future educational expenses are "likely subsumed" by the prior litigation of the issue of provision of FAPE and reimbursement to the parents for private school expenses. *Id.* However, to the extent that they are not so subsumed, Defendant argues that the claims must nevertheless be dismissed due to Plaintiffs' failure to exhaust their administrative remedies.

Defendant urges that Plaintiffs' failure to exhaust mandates dismissal for lack of jurisdiction. Because I have recommended dismissal of Plaintiffs' claims under IDEA on the basis that the claims are time-barred and the matter can be addressed under Rule 12(b)(6), the court need not reach the issue of whether a failure to exhaust is jurisdictional. *See Hughes v. Dist. Sch. Bd. of Collier County*, 2007 WL 2729588, at *1, n.1(noting inconsistency in Eleventh Circuit opinions regarding whether a failure to exhaust IDEA claim is jurisdictional) (citations omitted).

instructions for Defendant to draft an appropriate IEP which was reasonably calculated to confer meaningful educational benefits if Plaintiff's parents chose to re-enroll her in the Polk County School District.[9] (Doc. 1, Exh. A, at 63).

Thereafter, Plaintiffs filed suit in state court. In their amended complaint they asserted claims for declaratory relief and reimbursement of expenses for the Vanguard School as a result of Defendant's denial of a FAPE; request for attorneys' fees pursuant to Rule 6A-60.3311(6), Florida Administrative Code (02-01); and for violation of § 1002.39(3)(a), Fla. Stat.[10] (Doc. 18, Exh. B). Thus, as noted in the Motion to Dismiss, Plaintiffs' claims for future private school expenses and for money damages resulting from Plaintiff's failure to receive a FAPE have arguably not been previously addressed at the administrative hearing or in the prior litigation. In such circumstances, to the extent that the court determines that all the claims are not time-barred, these claims nonetheless should be dismissed for failure to exhaust. *See M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d at 1159 (dismissal of plaintiffs' retaliation claim under IDEA affirmed where prior due process hearings were requested and held, but not with respect to the retaliation issue, and therefore plaintiffs had not exhausted their administrative remedies *"with respect to the complaint presented"*)(emphasis in

---

[9]Although the ALJ found that Defendant had failed to provide Plaintiff with a FAPE, he nevertheless determined that by the parents' actions, including unilaterally placing their daughter in a private school, they were deemed to have acted improperly and failed to cooperate in developing an appropriate IEP with Defendant, and thus their reimbursement request was denied. (Doc. 1, Exh. A at 63).

[10]Section 1002.39(3)(a), Fla. Stat., provides in pertinent part that a school district shall timely notify a parent of a student as to all options available pursuant to this section.

16

original).[11] In the instant action, Plaintiffs have not demonstrated, or even alleged that resort to administrative remedies on the issues of future private school expenses and for money damages resulting from Plaintiff's failure to receive a FAPE should be excused or would otherwise be futile. *See N.B. by D.G. v. Alachua County Sch. Bd.*, 84 F.3d at 1379 (affirming district court's dismissal of IDEA claim for failure to exhaust administrative remedies where exhaustion requirement found not to be futile even though remedy requested, i.e., money damages, was relief school district lacked authority to grant). Thus, I find that to the extent that those specific claims are not time-barred, they should nevertheless be dismissed for Plaintiffs' failure to exhaust their administrative remedies.

Lastly, Defendant contends that Plaintiffs' "shotgun" pleading practice is improper and warrants dismissal of the complaint. Here, I disagree. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund v. Spear, Leeds & Kellogg*, 305 F.3d 1293, 1295, n.9 (11th Cir. 2002). While the instant complaint does incorporate prior allegations into each successive count, this is not a case where it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for

---

[11]The Eleventh Circuit in *M.T.V.* held that the plain language of the IDEA required the plaintiffs to file a separate administrative complaint to raise the retaliation issue, thereby exhausting all of their administrative remedies as to that count before initiating judicial action. *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d at 1159. Where the plaintiffs failed to do so, their complaint was subject to dismissal. *Id.* The fact the plaintiffs raised the retaliation issue at other due process hearings was insufficient to establish exhaustion. *Id.*

relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

IV.

Accordingly, it is recommended that Defendant's **Dispositive Motion to Dismiss Complaint with Prejudice for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action with Incorporated Memorandum of Law in Support** (Doc. 11) be **GRANTED** as time-barred under the IDEA.

Respectfully submitted on this
24th day of February 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record