UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD BOATRIGHT, et al.,

     Plaintiffs,

v.                    Case No.  8:08-cv-1070-T-33TBM

THE SCHOOL BOARD OF POLK
COUNTY, FLORIDA,

     Defendant.
_____/

## ORDER

      This matter comes before the Court upon consideration of
United States Magistrate Judge Thomas B. McCoun III's report
and recommendation (Doc. # 33), entered on February 24, 2009,
which recommends that the School Board of Polk County,
Florida's motion to dismiss (Doc. # 11), be granted.  On March
6, 2009, plaintiffs Richard Boatright, Deborah Boatright, and
Danielle Boatright filed objections.  (Doc. # 34).  The School
Board filed a response to the objections on March 23, 2009.
(Doc. # 36).  For the reasons that follow, the report and
recommendation of Judge McCoun is accepted and adopted and the
filed objections are overruled.

## I.   Background

      The facts of this case are set forth in Judge McCoun's
report and recommendation.  (Doc. # 33 at 1-4).  By way of
summary, on June 2, 2008, plaintiffs Richard and Deborah

Boatright, on behalf of themselves and their 19-year old daughter, Danielle Boatright, sued the School Board of Polk County, Florida under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. (Doc. # 1). The Boatrights claim that Danielle was denied a free appropriate public education. (Id. at ¶ 16).

On August 15, 2008, the School Board filed its motion to dismiss asserting that the Boatrights' complaint was time-barred. As an alternative ground, the School Board argued that the Boatrights failed to exhaust their administrative remedies with respect to their claim for future private school expenses and claim for money damages resulting from the School Board's failure to provide a free appropriate public education. (Doc. # 11 at 2-3). This Court, on September 5, 2008, referred the motion to dismiss to Judge McCoun for a report and recommendation (Doc. # 15), and Judge McCoun held a hearing on January 15, 2009 (Doc. # 32). Judge McCoun issued his report and recommendation on February 24, 2009. (Doc. # 33).

## II. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and

recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge reviews legal conclusions <u>de</u> <u>novo</u>, even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. S. Railway Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994) (Table).

## III. Analysis

Under the IDEA, disabled students are entitled to receive a free and appropriate public education ("FAPE"). <u>Sch. Bd. of Collier County v. K.C.</u>, 285 F.3d 977, 979 (11th Cir. 2002). "To provide a FAPE, a school formulates an Individual Educational Plan ("IEP") during a meeting between the student's parents and school officials." <u>Loren F. ex rel. Fisher v. Atlanta Indep. Sch. Sys.</u>, 349 F.3d 1309, 1312 (11th Cir. 2003) (citing 20 U.S.C. § 1414(d)(1)(A)-(B)). If a FAPE is not provided by the public school, a parent may place their child in private school and seek reimbursement from the public school for the cost of private education. 20 U.S.C. §

1412(a)(10)(C)(ii).

A plaintiff, however, may not sue for reimbursement until all administrative remedies have been exhausted. <u>J.P. v. Cherokee County Bd. of Educ.</u>, 218 F. App'x 911, 913-914 (11th Cir. 2007). As Judge McCoun correctly noted, the IDEA provides "an elaborate administrative scheme for challenging the actions of local school authorities." (Doc. # 33 at 8). Once all administrative remedies are exhausted, the plaintiff is free to appeal the final administrative decision, "within 30 days after the rendition of the order being appealed," in either state court or federal court. <u>Hughes v. Dist. Sch. Bd. of Collier County</u>, No. 2:06-cv-629-FtM-29DNF, 2007 WL 2729588, at *8 (M.D. Fla. Sept. 18, 2007).

In his report and recommendation, Judge McCoun recommended that the Boatrights' complaint be dismissed with prejudice as time-barred. (Doc. # 33 at 11-14). To the extent the complaint is not time-barred, Judge McCoun alternatively recommended that the Boatrights' claim for future private school expenses and claim for money damages resulting from the School Board's failure to provide a FAPE be dismissed for failure to exhaust all available administrative remedies. (<u>Id.</u> at 14-18). The Boatrights have objected to both recommendations. (Doc. # 34).

**A.    Whether the Boatrights' Claims Are Time-Barred**

The Boatrights challenge Judge McCoun's recommendation that their complaint be dismissed as time-barred because the complaint was not filed within 30 days of the administrative order in question, rendered May 17, 2004.  (Doc. # 34 at 1-7). The Boatrights argue that the 30-day period was tolled during the pendency of their timely-filed 2004 state court action. (Doc. # 34 at 1-2).  In support, the Boatrights rely on the Supreme Court's decision in Burnett v. N.Y. Cent. R.R., 380 U.S. 424 (1965).  (Id. at 18).

In Burnett, the plaintiff timely filed an action in state court under the Federal Employer's Liability Act (FELA).  380 U.S. at 424.  After the state court dismissed his complaint because venue was improper, the plaintiff filed an identical lawsuit in federal court within eight days of the dismissal order.  Id. at 425.  The district court dismissed the federal lawsuit on the grounds that it was not filed within the FELA's three-year statute of limitations.  Id.

At issue before the Supreme Court was whether the FELA's statute of limitations should be equitably tolled.  On review, the Court considered the legislative intent behind the FELA's statute of limitations, particularly focusing on 28 U.S.C. § 1406--the federal change of venue statute.  Id. at 430.  The

5

Court explained:

> If petitioner in this case had instituted his suit
> in a federal court where venue was improper, his
> case could simply have been transferred under §
> 1406(a) to a court with proper venue; the statute
> of limitations would not have barred his action.
>                    . . . .
> These factors point to the conclusion that Congress
> did not intend the statute of limitations to bar a
> plaintiff who brings a timely FELA action in a
> state court of competent jurisdiction, who serves
> the defendant with process, and whose action is
> later dismissed for improper venue.
>                    . . . .
> [W]hen a plaintiff begins a timely FELA action in a
> state court having jurisdiction, and serves the
> defendant with process and plaintiff's case is
> dismissed for improper venue, the FELA limitation
> is tolled during the pendency of the state suit.

(Id. at 430-36).

Distinguishing Burnett, Judge McCoun found that equitable

tolling is inapplicable for two reasons. First, the state

court dismissed the Boatrights' 2004 complaint on its merits;

and second, the Boatrights have otherwise failed to

sufficiently plead equitable tolling in their complaint.

(Doc. # 33 at 12).

The Boatrights do not contest the fact that their

complaint was filed more than 30 days after the administrative

decision they seek review of was rendered. They do, however,

take issue with Judge McCoun's finding that equitable tolling

is not applicable. (Doc. # 34 at 1-2). They assert that

6

Judge McCoun improperly distinguished <u>Burnett</u> because the
reason for dismissal should not be utilized in determining
whether equitable tolling is permitted.  (<u>Id.</u> at 4)

What the Boatrights overlook is that they obtained a full
review of the merits of their complaint.  The Boatrights had
a choice of filing suit in either state court or federal
court.   They chose state court; and the state court,
reviewing the merits of their complaint, concluded that the
complaint failed to state a cause of action and dismissed it
with prejudice.  (Doc. # 18-2 at 30, 36).  The Boatrights then
appealed the dismissal to the Second District Court of Appeal,
which affirmed the dismissal per curiam.  <u>Boatright v. Sch.
Bd. of Polk County</u>, 981 So. 2d 1203, 1203 (Fla. 2d DCA 2008)
(table).

In contrast, the state court in <u>Burnett</u> never addressed
the merits of the plaintiff's complaint because the complaint
was dismissed on procedural grounds.   Given that the
Boatrights fully prosecuted their state case, the equitable
grounds that were present in <u>Burnett</u> simply are not present in
this case.  <u>See</u> <u>Madura v. Countrywide Home Loans, Inc.</u>, No.
8:06-cv-2073-T-24-TBM, 2008 WL 2856813, at *10 (M.D. Fla. July
22, 2008) ("The state court case in <u>Burnett</u> was dismissed
because of improper venue and the plaintiff therein had

diligently pursued his case.  In this case, [p]laintiff fully

prosecuted the state court action and fully appealed all

adverse decisions.  There simply are no equitable grounds

present in the facts of this case as would justify tolling of

the statutes of limitations as there were in <u>Burnett</u>.").

**B.    Whether the Boatrights Failed to Exhaust Their
       Administrative Remedies**

As an alternative basis for dismissal, Judge McCoun

concluded that the Boatrights failed to fully exhaust all

available administrative remedies with respect to their claim

for future private school expenses and claim for money damages

resulting from the School Board's failure to provide a FAPE.

(Doc. # 33 at 16).  In their objections, the Boatrights

contend that since Danielle was placed "in a private school,

where she was required to remain during the pendency of this

litigation, there was no further action available to [them]."

(Doc. # 34 at 7).

"[P]laintiffs are required to utilize the elaborate

administrative scheme established by the IDEA before resorting

to the courts to challenge the actions of the local school

authorities." <u>N.B. by D.G. v. Alachua County School Bd.</u>, 84

F.3d 1376, 1378 (11th Cir. 1996).  Only claims raised in the

administrative proceeding can be raised in the civil action.

<u>Cherokee County Bd. of Educ.</u>, 218 F. App'x at 913-14.

The Boatrights sought administrative review of the School Board's IEP and reimbursement for the costs associated with placing Danielle in private school. (Doc. # 1-2 at 1-2). Although Judge Kilbride concluded that the School Board "failed to draft an IEP which was reasonably calculated to confer educational (reading) benefits for [Danielle]," he denied the Boatrights' request for reimbursement on the grounds that the Boatrights had failed to cooperate with the School Board in developing an appropriate IEP. (<u>Id.</u> at 62-63).

The Boatrights, in their complaint, not only seek review of Judge Kilbride's denial of their request for reimbursement, but also seek additional damages. Specifically, the Boatrights seek damages for the School Board's failure to provide a FAPE and for the cost of future private school expenses. (Doc. # 1 at 6-9). Because these claims were not raised in the Boatrights' administrative proceeding, they are due to be dismissed for failure to exhaust. Accordingly, as Judge McCoun correctly concluded, even if these two claims were not time-barred, they would nonetheless be dismissed.

The Court has conducted an independent examination of the file and upon due consideration of the report and

recommendation, the Court accepts the report and recommendation of Judge McCoun.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  United States Magistrate Judge Thomas B. McCoun III's report and recommendation (Doc. # 33) is **ACCEPTED** and **ADOPTED.**

(2)  The School Board of Polk County, Florida's motion to dismiss (Doc. # 11) is **GRANTED**.

(3)  This case is hereby **DISMISSED** with prejudice.  The clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of March 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record
Richard Boatright
Deborah Boatright
Danielle Boatright

10